# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Christopher Brennan, an individual | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| Patheos, LLC, a Delaware limited liability company; | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Christopher Brennan (formerly, Christopher Hallquist) for his complaint against defendant Patheos LLC, hereby states and alleges as follows:

## THE PARTIES

1. Plaintiff Christopher Brennan ("Plaintiff") is an individual residing in the State of California.

2. Upon information and belief, defendant Patheos, LLC (hereinafter "Defendant"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal office located at 4700 S. Syracuse Street, Suite 400, Denver, Colorado 80237.

3. Upon further information and belief, Defendant has a website at www.patheos.com that is promoted as a destination for individuals who are interested in a dialogue about religion and spirituality.

## JURISDICTION AND VENUE

4. This case presents federal questions arising under the Copyright Act, 17 U.S.C. §§ 501, *et seq.* This Court, therefore, has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 17 U.S.C. § 501, *et seq.* (the Copyright Act) and 28 U.S.C. §§ 1331 (federal question), and 1338 (copyrights).

5. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1365 on the grounds that such claims are related to the federal claims asserted herein and are part of the same case and controversy.

6. The Court may exercise personal jurisdiction over Defendant in this action on the grounds that, upon information and belief: (a) Defendant has committed acts of copyright infringement in the State of Colorado; and (b) Defendant's primary place of business is in the State of Colorado.

7. Service of process on Defendant in this action will be effected pursuant to Fed. R. Civ. P. 4(h).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b). In addition, the agreement at issue in this matter provides that any action must be filed in the federal or state courts located in the City and County of Denver, Colorado.

## BACKGROUND

9. Plaintiff is an author of content, which routinely appears online on websites, blogs, and/or social media sites.

10. Defendant owns and operates a website that publishes content relating to religion and spirituality.

11. On or about August 31, 2012, Plaintiff and Defendant entered into a License Agreement, under which Plaintiff agreed to produce content for Defendant's website ("Works"), and Plaintiff granted Defendant the right to "display, publish, distribute, use, market, advertise and promote" the Work in exchange for compensation described in the License Agreement. (A true and correct copy of the License Agreement is attached hereto as **Exhibit 1**.)

12. The License Agreement expressly provides as follows: "Either Party may terminate the Agreement at any time upon thirty (30) days written notice." (License Agreement, ¶ 8.)

13. March 7, 2017, Plaintiff provided notice of termination of the License Agreement to Defendant ("Termination Notice"). (A true and correct copy of the Termination Notice is attached hereto as **Exhibit 2**.) In the Termination Notice, Plaintiff requested that, upon the effective date of the termination, which was April 5, 2017, Defendant cease and desist from using and displaying all Works provided by Plaintiff and remove all such Works from Defendant's website.

14. On May 30, 2017, Plaintiff renewed its request that Defendant cease and desist from using and displaying all Works provided by Plaintiff. (A true and correct copy of the May 30 request is attached hereto as **Exhibit 3**.)

15. As of the filing of this Complaint, Defendant has failed and refused to stop using and displaying Plaintiff's Works and continues to use and display the Works.

16. Plaintiff owns all rights and interests, including all copyrights, in the Works that are still used and displayed by Defendant. Such Works comprise approximately 96 pages of blogs, articles, and other materials that are original works created by Plaintiff.

17. Plaintiff has filed applications to register his copyrights in certain of the Works. (True and correct copies of the applications are attached hereto as **Exhibit 4**.)

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

18. Plaintiff incorporates the allegations in paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is the owner of the copyrights in the Works and has the exclusive rights to all such Works.

20. Subsequent to the termination of the License Agreement, Defendant has no right to use, copy, display, or distribute the Works owned by Plaintiff. Consequently, Defendant has infringed and continues to infringe Plaintiff's copyrights by continuing to use, copy, display and distribute the Works.

21. Defendant's infringement has caused Plaintiff monetary harm in an amount to be proved at trial. In addition, unless restrained, Defendant's continued infringement of Plaintiff's copyrights will cause Plaintiff irreparable harm for which there is no adequate remedy at law. Plaintiff, therefore, is entitled to injunctive relief to prevent further infringement of his rights.

22. Defendant's infringement was willful and intentional in that it continued after repeated requests from Plaintiff to cease and desist using, displaying, copying, and distributing the Works.

### Prayer for Relief for First Claim

23. WHEREFORE, Plaintiff prays for (a) an order finding that Defendant has infringed his copyrights; (b) an award of damages under 17 U.S.C. § 504, including profits of Defendant and/or statutory damages, resulting from Defendant's infringement; (c) increased

statutory damages under 17 U.S.C. § 504 on the ground that Defendant's infringement was willful; (d) an assessment of interest, both prejudgment and post judgment, on the damages awarded; (e) an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505; (f) a preliminary and permanent injunction against Defendant's continued infringement of Plaintiff's Works; (g) an order directing that all copies of Works in Defendant's possession be deleted permanently or otherwise destroyed; and (h) such other and further relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

24. Plaintiff incorporates the allegations in paragraphs 1 through 23 as though fully set forth herein.

25. The License Agreement was a binding agreement and enforceable against Defendant.

26. Plaintiff has performed fully under the License Agreement.

27. Plaintiff terminated the License Agreement, effective April 5, 2017, as was expressly permitted in Paragraph 8 of the License Agreement.

28. Notwithstanding Plaintiff's termination of the License Agreement, Defendant has continued to use, display, copy, and distribute Plaintiff's Works, thereby breaching the License Agreement by failing to honor the termination of the Agreement.

29. Defendant's breach of the License Agreement of has caused Plaintiff monetary harm in an amount to be proved at trial.

### Prayer for Relief for Second Claim

WHEREFORE, Plaintiff prays for (a) an order finding that Defendant has breached the License Agreement by failing to honor the termination of the Agreement by Plaintiff; (b) an award of damages in an amount to be proved at trial; (c) an assessment of interest, both prejudgment and post judgment, on the damages awarded; (d) an award of attorneys' fees and costs pursuant to Paragraph 9(d) of the Agreement; (e) a preliminary and permanent injunction against Defendant's continued breach of the License Agreement; (f) an order directing that all copies of Works in Defendant's possession be deleted permanently or otherwise destroyed; and (g) such other and further relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

30. Plaintiff incorporates the allegations in paragraphs 1 through 29 as though fully set forth herein.

31. Based on Plaintiff's termination of the License Agreement, Defendant has no right to use, display, copy, or distribute Plaintiff's Works.

32. Defendant's continued use, display, copy, and/or distribution of Plaintiff's Works after termination of the License Agreement unjustly enriches Defendant to the detriment of Plaintiff.

### Prayer for Relief for Third Claim

WHEREFORE, Plaintiff prays for (a) an order finding that Defendant has been and will continue to be unjustly enriched by its use, display, copying, and/or distribution of Plaintiff's Works; (b) an award of damages in an amount equal to the unjust enrichment of Defendant; (c)

6

4816-3279-4446.1

an assessment of interest, both prejudgment and post judgment, on the damages awarded; (d) a preliminary and permanent injunction against Defendant's continued use, display, copying, and/or distribution of Plaintiff's Works; (e) an order directing that all copies of Works in Defendant's possession be deleted permanently or otherwise destroyed; and (f) such other and further relief as the Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Quantum Meruit)**

33. Plaintiff incorporates the allegations in paragraphs 1 through 32 as though fully set forth herein.

34. Following termination of the License Agreement by Plaintiff, Defendant continues to use, display, copy, and/or distribute Plaintiff's Works without compensation or consideration to Plaintiff.

35. Defendant knew or should have known that Plaintiff had not authorized its continued use, display, copy, and/or distribution of Plaintiff's Works and that Plaintiff would expect reasonable compensation for the Defendant's continued use, display, copying, and/or distribution of the Works after termination of the License Agreement.

36. Plaintiff is entitled to receive reasonable value for Defendant's continued use, display, copying, and/or distribution of the Works and has been damaged in such amount by Defendant's failure and refusal to pay reasonable value to Plaintiff for the continued use, display, copying, and/or distribution of Plaintiff's Works.

### Prayer for Relief for Fourth Claim

WHEREFORE, Plaintiff prays for (a) an order finding that Defendant is required to pay Plaintiff the reasonable value of Defendant's use, display, copying, and/or distribution of the Works following termination of the License Agreement; (b) an award of damages in an amount equal to the reasonable value for Defendant using, displaying, copying, and/or distributing the Works after termination of the License Agreement; (c) an assessment of interest, both prejudgment and post judgment, on the damages awarded; (d) a preliminary and permanent injunction against Defendant's continued use, display, copying, and/or distribution of Plaintiff's Works; (e) an order directing that all copies of Works in Defendant's possession be deleted permanently or otherwise destroyed; and (f) such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a jury trial on all issues triable by jury.

| | |
|---|---|
| Dated November 7, 2017 | Respectfully submitted by, |
| | KUTAK ROCK, LLP |
| | *Neil L. Arney* |
| | Neil L. Arney |
| | 1801 California Street, Suite 3100 |
| | Denver, CO 80202 |
| | Tele: (303) 297-2400 |
| | Email: neil.arney@kutakrock.com |
| | *Attorneys for Plaintiff Christopher Hallquist* |